UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES DE JESUS MOJICA, (A-Number: 239-832-5528)  Petitioner,  v.  ON HABEAS CORPUS,  Respondent. | No.  1:26-cv-03831-KES-FJS (HC)  ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS FILED BY "NEXT FRIEND"  [21-DAY DEADLINE] |

On May 18, 2026, a petition was filed by Petitioner's "next friend" purportedly on his behalf. (ECF No. 1.) The petition alleges Petitioner was wrongfully detained in violation of his due process rights.

The Petition was completed and signed by Stephany Mojica. (ECF No. 1 at 7.) Ms. Mojica indicates she is Petitioner's daughter. (ECF No. 1 at 7.)

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)). Yet "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. In order to establish standing, the next friend must (1) "provide an adequate explanation—such as inaccessibility,

mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Regardless, "[c]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Thus, while the federal habeas statute does not prevent a 'next friend' from pursuing a habeas action on behalf of another under qualifying circumstances, "the statute does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023); *see also Hinojosa v. Warden, SATF/SP*, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *report and recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023) (finding that even if next friend status was granted he "would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."). Furthermore, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a). "Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." *Complot v. JP Morgan Chase Bank*, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)).

Here, assuming arguendo that Ms. Mojica qualifies for next-friend status, which would

permit her to initiate the instant petition, she is not authorized to prosecute this action pro se on Petitioner's behalf. Thus, either (1) Petitioner Andres De Jesus Mojica (A-Number: 239-832-5528) must notify the court in writing that he will appear on his own behalf to prosecute this habeas action, or (2) Mr. Mojica must secure licensed counsel to proceed. If Petitioner chooses to prosecute this action on his own behalf, he may then also file any motions on his own behalf, including a motion to appoint to counsel. Otherwise, the Petition will be dismissed without prejudice.

Accordingly, it is HEREBY ORDERED:

1. Within twenty-one (21) days from the date of service of this order, either:

a. Petitioner Andres De Jesus Mojica should notify the court in writing that:

i. Ms. Mojica filed the instant petition for writ of habeas corpus with his knowledge and permission,

ii. He declares under penalty of perjury that the contents of the petition are true and correct, and

iii. Going forward, he will appear on his own behalf and prosecute this habeas action;

-OR-

b. Andres De Jesus Mojica must secure licensed counsel, and counsel shall file a notice of appearance in this matter.

2. The Clerk of Court is DIRECTED to:

a. Send Petitioner Andres De Jesus Mojica a copy of the Petition (ECF No. 1), and a copy of this order;

b. Send Stephany Mojica a copy of this order at the address listed on page 1 of the Petition.

3

3. Failure to comply with this order may result in a recommendation of dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated:    **June 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE